**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson, Goeller, Modesitt,
  Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JONATHON P. GRIGSBY, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 84A01-1205-CR-238 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause Nos. 84D03-0903-FB-825, 84D03-0904-FD-1142, 84D03-0904-FD-1143

**December 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Jonathon Grigsby appeals the reinstatement of his previously suspended sentence following the revocation of his probation. Grigsby raises one issue which we revise and restate as whether the trial court abused its discretion in ordering that Grigsby serve his previously suspended sentence. We affirm.

The relevant facts follow. On September 28, 2010, Grigsby pled guilty to robbery as a class C felony under Cause No. 84D03-0903-FB-825 ("Cause No. 825"), domestic battery as a class D felony under Cause No. 84D03-0904-FD-1142 ("Cause No. 1142"), and theft as a class D felony under Cause No. 84D03-0904-FD-1143 (Cause No. 1143"). On November 15, 2010, the court held a sentencing hearing and sentenced Grigsby to a total of eleven years on his convictions with seven of the eleven years suspended to probation.[1] Grigsby was required to submit to random drug screens as a condition of his probation.

On May 23, 2011, the State filed a notice of probation violation in all three cause numbers, and each notice was amended on October 27, 2011. On November 1, 2011 the court held a probation revocation hearing addressing all three cause numbers, and Grigsby admitted that he violated the terms of his probation when he failed a drug screen. On April 26, 2012, the court held a sentencing hearing and ordered that Grigsby serve the balance of the suspended portions of his sentence under each cause number as executed time in the Indiana Department of Correction ("DOC"). The court ordered that Grigsby serve the sentences consecutively for an aggregate sentence of seven years and observed

---

[1] Specifically, Grigsby was sentenced to five years with three years executed and two years suspended to probation under Cause No. 825 and three years with 180 days executed and two and one-half years suspended to probation under both Cause No. 1142 and Cause No. 1143. The court ordered that Grigsby serve the sentences consecutively.

that he had accumulated credit time totaling 660 days which it applied to the sentence under Cause No. 825.

The issue is whether the court abused its discretion in ordering that Grigsby serve his previously suspended sentence. Grigsby argues that evidence was presented that he has a history of psychological and substance abuse issues, that he recognizes his mistakes, and that he is taking medications in order to function as "a much clearer, clear-headed individual." Appellant's Brief at 4 (quoting Transcript Volume III at 26). Grigsby argues that "[r]ather than ordering [him] to execute his suspended sentences, the trial court had the option of continuing [him] on probation, with or without modifying or enlarging the conditions, or it could have extended [his] probation for an additional year." Id. (citing Ind. Code § 35-38-2-3(g)). The State argues that Grigsby conceded that he violated probation and that he received a favorable plea agreement but relapsed and was arrested again.

At the time of Grigsby's violation and the probation revocation hearing, Ind. Code § 35-38-2-3(g) set forth a trial court's sentencing options if the trial court finds a probation violation and provided:

> If the court finds that the person has violated a condition at any time before termination of the period, the court may impose one (1) or more of the following sanctions:
>
> (1)    Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2)    Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(g) (subsequently amended by Pub. L. No. 147-2012 (eff. July 1, 2012) (amending Ind. Code § 35-38-2-3 and setting forth the contents of subsection (g) under subsection (h)). This provision permits judges to sentence offenders using any one of or any combination of the enumerated options. Prewitt v. State, 878 N.E.2d 184, 187 (Ind. 2007).

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Id. at 188. The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

The record reveals that Grigsby admitted at the revocation hearing that he violated his probation by failing a drug screen. At the sentencing hearing, the court observed in sentencing him to serve the balance of his suspended sentence that he was "a regular occurrence" before the court and that he had been arrested forty-six times since reaching

4

adulthood. Transcript Volume III at 35. The court stated that Grigsby had "been in here numerous times in the nine (9) years since I've been in here, and you've had good attorneys, attorneys who've tried to help you . . . help yourself once you've been in trouble." Id. at 35-36. The court noted that Grigsby had received a "very favorable plea agreement" which permitted him to serve his sentence on work release, but he could not succeed. Id. at 36. The court also observed that in addition to his failed drug screen Grigsby had received "a new B Felony dealing charge." Id. The court noted that "allowing [Grigsby] to go back into the community hasn't worked in the last four (4) years," and that although it believed he had mental health and substance abuse issues, "the criminal justice system can only do so much to help [him] to try to address those" and if he is "unwilling to, then we really have . . . very little option." Id. at 35-36.

Given the circumstances as set forth above and in the record, we cannot say that the court abused its discretion in ordering Grigsby to serve his previously suspended sentences totaling seven years. See Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's entire previously suspended sentence), trans. denied.

For the foregoing reasons, we affirm the trial court's revocation of Grigsby's probation and order that he serve his previously suspended sentence in the DOC.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.