**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 31 2013, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ANDREW B. ARNETT**
Shelby County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JOSHUA SHAY MORRIS,                )
                                    )
    Appellant-Defendant,            )
                                    )
        vs.                         )    No. 73A01-1211-CR-528
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.             )

APPEAL FROM THE SHELBY SUPERIOR COURT
The Honorable David N. Riggins, Judge
Cause No. 73D02-1103-FD-19

**May 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Joshua Shay Morris appeals his sentence following the revocation of his probation. Morris raises one issue, which we revise and restate as whether the trial court abused its discretion in ordering him to serve 602 days of his previously suspended sentence. We affirm.

FACTS AND PROCEDURAL HISTORY

On June 27, 2011, Morris pled guilty to operating a vehicle while intoxicated causing serious bodily injury as a class D felony. On July 6, 2011, the court sentenced Morris to 1,095 days all of which were suspended except for 365 days. The court further ordered that the "[b]alance of executed sentence is to be served as a direct commitment to Community Corrections on Home Detention," and that Morris be placed on probation for 730 days. Appellant's Appendix at 32. As part of the special conditions of probation, the sentencing order states: "You shall participate in the Court's Indiana Judicial Centers approved ADA Program and pay all associated fees." Id. at 34.

On October 26, 2011, the Shelby County Probation Department filed a petition to revoke probation alleging that Morris violated the terms of probation on October 25, 2011, when he was unsuccessfully discharged from the ADA Program. On February 6, 2012, the court found that Morris violated probation by being unsuccessfully discharged from the ADA Program, ordered that Morris serve eight days of the previously suspended sentence, and ordered that all terms and conditions of probation remain in full force and effect.

On August 21, 2012, the Shelby County Probation Department filed a second petition to revoke probation alleging that Morris violated the terms of his probation on

2

July 26, 2012, by again being unsuccessfully discharged from the ADA Program. On October 31, 2012, the court held a hearing, and Morris admitted violating probation by being unsuccessfully discharged from the ADA Program.

When asked to explain how he violated his probation, Morris testified that he "had to go from Johnson County, Indiana to Jackson County, Indiana," that "[i]t cost a lot of money and [he had] two . . . $40.00 classes left." Transcript at 6-7. Morris testified that he attempted to "get those dates changed and somewhere there down the line there's been phone calls missed, phone calls not missed. . . . Long story short, there's just been a little bit of miscommunication here and there." Id. at 7. Upon questioning by the trial court, Morris testified that he had "some disability issues going on," that he was unable to work as an auto tech because he broke his right arm and "[i]t's numb from the elbow down. It's, it's a, not, not an operable repair." Id. at 8-9. Morris indicated that he had been in the process of applying for disability for a couple of years. He also testified that he has six children and that he helps support them.

Deanna Holder, Morris's probation officer, testified that Morris failed to complete his counseling at Creative Counseling and was just discharged again from the ADA Program. Holder also testified that the phone numbers that Morris provided her were not working.

At the end of the hearing, the prosecutor requested that Morris be ordered to serve his previously suspended sentence. Morris's attorney requested that Morris receive fifty-eight days incarceration and that the terms of probation remain in force. The court found

3

that Morris could obtain a job and violated his probation, and ordered him to serve 602 days of the previously suspended sentence.

DISCUSSION

The issue is whether the court abused its discretion in ordering Morris to serve 602 days of his previously suspended sentence. Morris appears to argue that the trial court abused its discretion because he had only two classes left to complete and he gave reasons as to why those two classes were not completed. Morris contends that he "explained he had transportation issues due to him moving to Jackson County" and that "due to a medical condition, he was not working and unable to attend the classes." Appellant's Brief at 9. Morris also argues that the trial court "did not even note, in its sentence, that [he] completed all but two (2) of the classes." Id. He asserts that "[h]e deserved some punishment for his violation but the sentence handed out by the trial court was an abuse of the discretion given to that court."[1] Id. at 7.

The State argues that the trial court exercised proper discretion in ordering Morris to serve 602 days of his previously suspended sentence. The State points out that the instant case is the result of Morris's second violation of the specific condition of probation, that it was Morris's choice to move and "if moving made it more difficult to

---

[1] While Morris argues in the summary of the argument section of his brief that he gave an explanation to the trial court "that he did not complete because of transportation and financial issues," he does not develop the argument that he did not complete the ADA Program because he did not have the ability to pay. Appellant's Brief at 6-7. Rather, he focuses on the sentence imposed following revocation. Specifically, at the hearing, Morris's attorney requested that he receive a sentence of fifty-eight days of incarceration, and on appeal, Morris phrases the issue as whether the trial court abused its discretion in its sentencing. To the extent that Morris's reference to "financial issues" in his brief suggests that the trial court erred in revoking his probation, we conclude that Morris fails to develop the argument. Consequently, this issue is waived. See, e.g., Cooper v. State, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was "supported neither by cogent argument nor citation to authority"); Shane v. State, 716 N.E.2d 391, 398 n.3 (Ind. 1999) (holding that the defendant waived argument on appeal by failing to develop a cogent argument).

attend his required ADA classes it was by [his] own doing," and that Morris "did not establish that his alleged medical condition made it impossible to find suitable work." Appellee's Brief at 7.

At the time of Morris's violation and the probation revocation hearing, Ind. Code § 35-38-2-3(h) sets forth a trial court's sentencing options if the trial court finds a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> > (1)  Continue the person on probation, with or without modifying or enlarging the conditions.
> >
> > (2)  Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> >
> > (3)  Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. (citation omitted). As long as the proper procedures have been

followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

The record reveals that Morris admitted at the revocation hearing that he violated his probation by not attending all of his ADA Program classes. The trial court acknowledged Morris's admission when it stated "I'm giving you 120 days off because you walked in a [sic] pled guilty." Transcript at 15. Given the circumstances as set forth above and in the record including that this was the second time that Morris failed to complete the ADA Program, we cannot say that the court abused its discretion in ordering Morris to serve 602 days of his previously suspended sentence. See Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's previously suspended sentence), trans. denied.

For the foregoing reasons, we affirm the trial court's order that Morris serve 602 days of his previously suspended sentence.

Affirmed.

RILEY, J., and PYLE, J., concur.