**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PATRICIA CARESS MCMATH**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICO NATHANIEL MORST,              )
                                   )
    Appellant-Defendant,           )
                                   )
      vs.                         )    No. 84A01-1305-CR-226
                                   )
STATE OF INDIANA,                  )
                                   )
    Appellee-Plaintiff.            )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1112-FD-3906

**December 30, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Rico Nathaniel Morst appeals the revocation of his probation. Morst raises one issue, which we revise and restate as whether the trial court abused its discretion in ordering that Morst serve his previously suspended sentence. We affirm.

FACTS AND PROCEDURAL HISTORY

On December 15, 2011, the State charged Morst with Count I, resisting law enforcement as a class D felony; Count II, receiving stolen auto parts as a class D felony; and Count III, receiving stolen property as a class D felony under cause number 84D03-1112-FD-3906 ("Cause No. 3906"). On February 27, 2012, Morst pled guilty to Counts I and III. The court sentenced Morst to two years for each count with thirty-six days executed and the balance suspended to probation and ordered that the sentences be served concurrent with each other.

On April 10, 2012, the State filed a notice of probation violation alleging that Morst failed to report to Vigo County Adult Probation to be placed under supervision. On April 17, 2012, the court scheduled a hearing for May 7, 2012, and directed the clerk to issue a subpoena for Morst's appearance at the hearing. On April 30, 2012, the Sheriff filed a return indicating that Morst was served with the subpoena personally on April 28, 2012. On May 7, 2012, Morst failed to appear, and the court ordered an arrest warrant.

On June 4, 2012, the court held a hearing at which Morst appeared in person while in custody. The court ordered Morst to appear at a July 19, 2012 probation revocation hearing and that Vigo County Community Corrections evaluate Morst for placement in the work release program and indigency program.

On June 5, 2012, the State filed a second notice of probation violation alleging that Morst failed to report to the probation office and was charged with theft as a class D felony and receiving stolen property as a class D felony under cause number 840D30-1206-FD-1816 ("Cause No. 1816"). On July 19, 2012, Morst pled guilty to theft as a class D felony in Cause No. 1816 and agreed to admit to the pending probation violations under Cause No. 3906 and accept the sentencing recommendations of the State. The plea indicated that the State "will recommend that [Morst] be restored to formal probation under the original terms and conditions imposed by the Court" in Cause No. 3906. Appellant's Appendix at 56. On July 24, 2012, the court accepted Morst's guilty plea under Cause No. 1816 and sentenced him to 180 days executed as a direct commitment to the Vigo County Work Release Program. The court also accepted Morst's admission under Cause No. 3906 and restored him to probation.

On November 20, 2012, the State filed a third notice of probation violation alleging that Morst failed to report to the probation office as ordered and failed to keep the probation office advised of his address. On February 5, 2013, the State filed a fourth notice of probation violation alleging that Morst failed to report to probation, failed to keep the probation office informed of his address, and was charged with resisting law enforcement as a class D felony and resisting law enforcement as a class A misdemeanor under cause number 84D03-1302-FD-328.

On March 28, 2013, the court held a probation revocation hearing. Steven Bell, a probation officer, testified that Morst was to report to him on October 10, 2012, but failed to do so. Bell also testified that a letter was sent to Morst but the letter was returned to

3

Bell indicating that Morst did not live at that address. The court found that Morst violated the terms of his probation by failing to report to probation when ordered and by failing to keep the probation office notified of his new address.[1]

On May 2, 2013, the court held a dispositional hearing. Morst testified that he completed the ninth grade, that he had trouble in school, that he has never held down a job, that he had to walk to see his probation officer which took him about fifteen to twenty minutes, and that he had trouble reporting because he had to walk. On cross-examination, when asked by the State what kept him from walking to the probation department, Morst stated that it was raining. The court ordered that Morst serve his previously suspended sentence. The court stated:

> I mean I, I don't know what option I have Mr. Morst. I mean it seems to me that you've – this is – you've been charged for a third crime, you were given probation, you didn't do anything, you didn't report to probation, and the only way that you got yourself to this courtroom was by being arrested on a new offense. So your whereabouts were unknown for at least five (5) months since your date of sentencing on the last one. Your . . . P.S.I. is not anything to hang your hat on. Under the new system you've, you've got a very high risk, which I, I don't see very many of those, and I mean, and it's basically because your attitude. I mean, your attitude as reflected in here says you just want to get high and see whatever happens, and I mean I understand you may want to go through life like that, but you're gonna end up in here, you're gonna do life on the installment plan. You're, you're starting out that way sir. I mean I don't think the Court has much choice at all, other than to sentence you to time to the balance of your previously suspended sentence [in Cause No. 3906].

Transcript at 23-24.

---

[1] The court stated that "[t]here was a second amended filed that, that made the allegation of the new arrest. I am not including that in my finding." Transcript at 10.

4

DISCUSSION

The issue is whether the trial court abused its discretion in ordering that Morst serve his previously suspended sentence. Morst argues that "[g]iven the facts and circumstances here, the trial court abused its discretion in revoking probation." Appellant's Brief at 3. Morst concedes that this was his "second violation" but argues that the violation was "for failing to report and failing to update his address." Id. Morst argues that he did not have transportation, had to walk to report to probation, has a ninth grade education and a learning disability, and struggles to hold on to a job. Morst concludes that "[a]s the violations this time were technical in nature, the trial court abused its discretion in revoking probation." Id. The State argues that Morst incorrectly describes his refusal to comply with the reporting requirements of his probation as a technical violation unworthy of revocation. The State also argues that Morst's excuse for not reporting was so weak as to leave the court with no other conclusion but that Morst was not inclined to make even a minimal effort to comply with the terms of his probation.

Ind. Code § 35-38-2-3(h) sets forth a trial court's sentencing options if the trial court finds a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

5

(3)     Order execution of all or part of the sentence that was
        suspended at the time of initial sentencing.

This provision permits judges to sentence offenders using any one or any combination of the enumerated options. Prewitt v. State, 878 N.E.2d 184, 187 (Ind. 2007).

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable for abuse of discretion. Id. at 188. The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

The record reveals that Morst failed to appear for a probation revocation hearing in May 2012 after being personally served with a subpoena. In July 2012, Morst pled guilty to theft as a class D felony in Cause No. 1816 and agreed to admit to the pending probation violations under Cause No. 3906. With respect to the current violation, the record reveals that Morst was to report on October 10, 2012, but failed to do so and failed to keep the probation office notified of his new address. When asked by the State what kept him from walking to the probation department, Morst stated that it was raining.

6

Morst did not present evidence establishing that he had health issues or was unable to walk to the probation department. According to the presentence investigation report ("PSI"), Morst has three prior felony convictions, one felony and one misdemeanor pending in Vigo County, and a misdemeanor pending in Marion County. The PSI also indicates that Morst is in the "very high" risk to reoffend category. Appellant's Appendix at 95.

Given the circumstances as set forth above and in the record, we cannot say that the court abused its discretion in ordering Morst to serve his previously suspended sentence. See Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's entire previously suspended sentence of one year), trans. denied.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

ROBB, C.J., and BARNES, J., concur.