Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 16 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM R. GRIFFIN, II, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1401-CR-17 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1201-FC-292

**June 16, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

William R. Griffin, II, appeals the trial court's order revoking his probation and reinstating his previously-suspended sentence of six years. Griffin raises one issue which we revise and restate as whether the court abused its discretion in ordering him to serve the entirety of his previously suspended sentence. We affirm.

FACTS AND PROCEDURAL HISTORY

The facts most favorable to the revocation follow. On March 8, 2012, Griffin pled guilty to escape as a class C felony, and the court sentenced him pursuant to a plea agreement to eight years, with two years executed to be served as a direct commitment to the Home Detention Program under the supervision of Vigo County Community Corrections, and six years suspended to formal probation. In October 2012, Griffin admitted to violating the terms of his direct commitment and, consistent with the parties' proposed agreement, the court ordered Griffin to serve the balance of his two-year executed sentence at the Indiana Department of Correction ("DOC") and that he then report for probation as previously ordered. On February 4, 2013, Griffin signed a copy of the rules and conditions of formal probation in which he agreed, in part, to not violate any laws, to not possess or use any controlled substance except as prescribed by a licensed medical practitioner, and to attend two Alcoholics Anonymous and/or Narcotics Anonymous meetings per week.

On October 3, 2013, the Vigo County Adult Probation Department filed a Notice of Probation Violation alleging that Griffin violated the conditions of his probation by failing to report as ordered, missing an appointment in August 2013, and by failing to notify the Probation Department of a change of address. On October 10, 2013, the court

2

entered an order that Griffin report immediately to his probation officer, report weekly thereafter, and comply with all terms and conditions of his probation.

On November 21, 2013, the State filed a petition to revoke probation alleging that, "[s]ince October 10, 2013, [Griffin] has violated the conditions of his probation in that he has submitted to numerous drug screens, all of which have tested positive for the presence of THC, and over the course of time the levels of THC in the samples submitted have increased from the previous test on several occasions, indicating use of marijuana between several of the tests." Appellant's Appendix at 34. On December 12, 2013, the court held a hearing on the State's petition at which Griffin admitted that he had violated the terms and conditions of his probation as alleged in the November 21, 2013 petition. He presented evidence that he had been evaluated and accepted into Club Soda's Sober Living Program contingent upon bed space availability and the successful completion of the Jail Linkage Program. Griffin admitted that his criminal history included theft convictions in 2004, 2005, and 2006, a domestic battery conviction in 2005, and convictions for receiving stolen property and domestic battery in 2009. He testified that he had a long-term substance abuse problem involving marijuana, and that he never sought treatment for his problem. At the conclusion of the hearing, the court revoked Griffin's probation and ordered that he serve his previously suspended sentence of six years at the DOC. The court recommended that Griffin receive substance abuse treatment and counseling during his period of incarceration.

## DISCUSSION

3

The issue is whether the trial court abused its discretion in ordering Griffin to serve the entirety of his previously suspended sentence of six years at the DOC. Griffin concedes that he violated the conditions of his placement on probation but contends that, because the trial court had alternatives in place other than a lengthy prison sentence, the court abused its discretion when it ordered him to serve his entire sentence in prison. He argues that he acknowledged he had a serious addiction for which he needs help and that he had arranged to receive treatment that would permit him to avoid returning to prison.

The State maintains that the court exercised proper discretion in sentencing Griffin and notes that this was his second probation violation in the case, and that he had a marijuana abuse problem for which he had never before sought treatment. The State also contends that "[t]he trial court could reasonably determine that, given [Griffin's] criminal history, the length of his substance abuse problem, and prior probation violation in this case, [Griffin] would be unsuccessful in the treatment program that he was proposing, and that [Griffin] would be better served in a structured environment and a more disciplined treatment program . . . ." Appellee's Brief at 6.

Ind. Code § 35-38-2-3(h) sets forth the court's sentencing options upon a finding of a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1)  Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2)  Extend the person's probationary period for not more than one (1) year beyond the original probationary

4

period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

The record reveals that Griffin admitted at the revocation hearing that he had violated the terms of his probation, that his drug screens showed he had tested positive for THC or marijuana, and that he knew that the positive test was a probation violation. We observe that, although Griffin testified that he had "people that are gonna help [him] for the first time in [his] life" and presented evidence that he was accepted into Club Soda's Sober Living Program, Transcript at 11, evidence before the court also showed that, in October 2012, the court had revoked his direct commitment to the Home

5

Detention Program through Vigo County Community Corrections. At that time the court ordered him to serve the balance of his executed sentence at the DOC. In October 2013, the Probation Department alleged that he missed an appointment and failed to notify it of an address change and the court ordered that Griffin report immediately to probation and comply with all of the terms of his probation. At the hearing, the following exchange occurred:

Court:     You were – this, this charge is for escaping from the Work Release facility, while you were there, I believe on a pre-trial placement on another matter. You absconded, and instead of going to the [DOC] then, you were given a home detention sentence. You couldn't complete it because you were using marijuana.

Griffin:     No, I, it – my fees.

Court:     And you went, you were, you flunked for marijuana as well. So, you went to the [DOC] for that. You get placed on probation, you stopped showing up for probation, you move, don't let your probation officer know, I issue a warrant, you get picked up on that warrant, I released you from jail to go back and to cooperate with your probation officer, and what do you do, you flunk every drug screen, for marijuana. I, I don't know what else there is to do. We've tried, the Court has tried work release, home detention, probation, and you've not done anything over the last – since March when you pled out on this. You haven't done anything. And understand now is the time to ask (sic.), you know, now's not the time to say you want help, or that, that the system, the criminal justice system should afford you help. You've gotta want to do it yourself, you need to do it when you're on the outside, not when you're on the inside. I mean I, I really see very little option that the Court has, other than to order the balance of your six (6) year sentence to be executed. . . . I'm going to give you credit for the time that you've served, both when you were first arrested on this and then since you've been arrested this most recent time, and good time credit as well.

Id. at 20-22.

6

Probation is a matter of grace and a conditional liberty, not a right to which a defendant is entitled. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). Ind. Code § 35-38-2-3(h) provides in part that if the court finds that a person has violated a condition of probation, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. The court noted Griffin's unsuccessful commitment to home detention and his behavior while placed on probation in the past. Further, Griffin did not establish that he was unable to obtain any necessary treatment for substance abuse while on probation. In addition, the court recommended that Griffin receive treatment while incarcerated at the DOC.

Given the circumstances as set forth above and in the record, we cannot say that the court abused its discretion in ordering Griffin to serve his previously suspended sentence at the DOC. See Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's entire previously suspended sentence), trans. denied.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order that Griffin serve his previously-suspended sentence at the DOC.

Affirmed.

VAIDIK, C.J., and NAJAM, J., concur.