**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JENNIFER GOODWIN SCHLEGELMILCH**
Hulse, Lacey, Hardacre & Austin, P.C.
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CYNTHIA MARX, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1311-CR-548 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Thomas Newman, Jr., Judge
Cause No. 48C03-1105-FB-954

**July 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Cynthia Marx appeals the revocation of her probation. Marx raises one issue, which we revise and restate as whether the trial court abused its discretion in ordering that she serve her previously suspended sentence. We affirm and remand.

FACTS AND PROCEDURAL HISTORY

In May 2011, the State charged Marx with Count I, obtaining a controlled substance by fraud or deceit as a class D felony; Count II, possession of a controlled substance as a class D felony; Count III, forgery as a class C felony; Count IV, theft as a class D felony; and Count V, dealing in a Schedule I, II or III controlled substance as a class B felony. In September 2011, Marx and the State entered a plea agreement in which Marx agreed to plead guilty to Count I, obtaining a controlled substance by fraud or deceit as a class D felony; and Count III, forgery as a class C felony. The agreement recited that the State would dismiss the remaining charges, that the sentence would be open to argument, and that all terms would be open to the court's discretion.

In September 2011, the court accepted the plea agreement and sentenced Marx to 540 days with 208 days executed and the balance of 157 days suspended to probation for Count I and four years with 208 days executed and the balance of 1,252 days suspended to probation for Count III. The court ordered that the sentences be served concurrent with each other.

At some point, Marx's probation was transferred from Madison County to Delaware County. In late June or the beginning of July 2013, Marx moved in with Lisa and Alexander Johnson in their quarters in the Fort Knox Military Post in Kentucky to live with the Johnsons and their children and Marx's two biological children of whom the Johnsons had

2

legal custody. Marx did not have a travel permit from her probation officer to leave Indiana.

On September 4, 2013, Marx showed up intoxicated at her daughter's volleyball game. Lisa received a phone call from Marx's daughter indicating that Marx was extremely intoxicated and had "thrown the eight (8) year old down" and had hit the eight-year-old on the face. Transcript at 22. An athletic director drove Marx to the Johnsons' quarters. Lisa asked Marx why she had been drinking at her daughter's game, and Marx became belligerent. Marx then punched her sixteen-year-old daughter on the face, and Lisa stepped in and told Marx that she needed to vacate the property.

That same day, Marx attempted to break in to the Johnsons' quarters by breaking the window with a cooler, but the cooler bounced back and struck Marx in the face. Marx then picked up a stone and broke through the window and entered the home, and Lisa called 911. Military police officers arrived and discovered a broken window, a trail of blood from the front window to a bedroom and an intoxicated Marx involved in an altercation with Lisa inside. There were several visible marks on at least three of the children including marks on the face, neck, upper body, arms, and chest. Lisa suffered multiple bruises, cuts, a black lip, and damage to her back due to Marx's actions. Four of the children reported that Marx struck them.

On September 6, 2013, the Madison County Probation Department filed a notice of violation of probation and alleged that Marx violated her probation when she: (a) failed to keep the probation department informed of her address; (b) failed to report timely to the probation department; (c) failed to obtain a substance abuse evaluation within thirty days of

3

sentencing, comply with treatment recommendations, and provide written verification; (d) failed to pay probation fees; (e) failed to pay an administrative fee; and (f) left the state without the approval of the court or probation department. On September 13, 2013, the Madison County Probation Department filed an amended notice which added the allegations that Marx failed to behave well in society on September 4, 2013, by taking substantial steps toward the commission of burglary, simple assault, and assault on a child under sixteen years old. The amended notice also alleged that Marx consumed alcoholic beverages.

At the beginning of the evidentiary hearing on October 21, 2013, Marx indicated that she wished to admit to violating a portion of the terms of her probation. Marx admitted that she failed to pay an administrative fee and had a balance of seventeen dollars and that there were charges filed against her in Fort Knox.[1] Two military police officers and Lisa testified to the foregoing facts. Ryan Mason, the Madison County probation officer, testified that Marx did not have permission to be in Kentucky, that Marx was transferred to Delaware County and she stopped reporting and absconded, that the probation department in Delaware County had no knowledge of Marx being in Kentucky, and that Marx failed to obtain a substance abuse evaluation. The State introduced a report from the Delaware County Probation Department which indicated that Marx failed to report as directed, several attempts to contact Marx were made without success, and that Marx failed to obtain permission to leave the state, complete substance abuse treatment, and notify the probation department of

---

[1] Later, when asked whether she had been charged with the crimes in Kentucky, Marx answered: "I honestly don't know. I've been told of the intention to be charged. I have not been told I've been charged or not." Transcript at 38.

any change in residency. Marx testified that she made every appointment except for the very last appointment when she discovered that her brother died and that she called her probation officer in Delaware County twenty or thirty times and never received a phone call in return. Marx testified that she left a voicemail indicating that she intended to go to Kentucky. Marx also claimed that she received substance abuse treatment and was seeing a doctor.

At the end of the hearing, the court stated that "the evidence shows that the preponderance of evidence shows that the defendant didn't keep probation informed, failed to report, failed to get substance abuse evaluation, failed to pay probation fees; administrative fees; left the state without permission and also committed burglary, assault and consumed alcoholic beverages." Id. at 48. That same day, the court entered an order finding that Marx violated the conditions of her probation, revoking her probation, and ordering her to serve the remainder of her sentence at the Department of Correction.

## DISCUSSION

The issue is whether the trial court abused its discretion in ordering that Marx serve her previously suspended sentence. Marx argues that the court's sanction requiring her to serve her previously suspended sentence in the Department of Correction constitutes an abuse of discretion. Marx contends that she made significant efforts to complete her probation successfully and had been present at every probation appointment except following the death of her brother. She points to her testimony that she attempted to reach her probation officer twenty to thirty times regarding her brother's death. She asserts that she completed two substance abuse evaluations and was undergoing mental health treatment.

5

She concedes that she discussed having setbacks during her probation period and admitted that she traveled to Kentucky without the requisite travel permit. She states that the logic and effect of the facts and circumstances before the trial court make it appropriate for the court to recognize that rehabilitation is a process and not an instantaneous outcome. The State argues that Marx violated several terms of her probation and that the trial court properly determined that she should serve the previously suspended portion of her sentence.

Ind. Code § 35-38-2-3(h) sets forth a trial court's sentencing options if the trial court finds a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable for abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and

6

sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

The record reveals that the State presented evidence that Marx failed to report to probation, left the State of Indiana without permission, entered a residence by breaking a window, consumed alcoholic beverages, and battered children and Lisa. Given the circumstances as set forth above and in the record, we cannot say that the court abused its discretion in ordering Marx to serve her previously suspended sentence. See Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's entire previously suspended sentence of one year), trans. denied.

However, we *sua sponte* note that the court's initial sentencing order stated that Marx was sentenced to "five hundred forty (540) days, of which two hundred eight (208) days are executed at the Indiana Department of Correction and the balance of one hundred fifty seven (157) days are suspended with defendant being placed on formal probation." Appellant's Appendix at 57. The abstract of judgment dated October 21, 2013, lists 157 days executed for Count I. Id. at 19-21. To the extent that the court referred to the balance of the sentence

7

as 157 days and this is reflected in the 2013 abstract of judgment, we observe that a sentence of 540 days with 208 days executed leaves a balance of 332 days. Given this discrepancy, we remand to the trial court to correct or clarify the sentencing order and abstract of judgment.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court and remand for correction of the sentencing order and abstract of judgment.

Affirmed and remanded.

VAIDIK, C.J., and NAJAM, J., concur.