**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JILL M. ACKLIN**
McGrath, LLC
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOEL MCGEE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 29A02-1406-CR-413 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable J. Richard Campbell, Judge
Cause No. 29D04-1010-FD-5276

**October 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Joel McGee appeals the trial court's order revoking his probation and reinstating 365 days of his previously-suspended sentence. McGee raises one issue which we revise and restate as whether the court abused its discretion in ordering him to serve 365 days of his previously-suspended sentence. We affirm.

FACTS AND PROCEDURAL HISTORY

The facts most favorable to the revocation follow. In February 2012, McGee pled guilty to possession of a controlled substance as a class D felony pursuant to a plea agreement, and the court sentenced him to 545 days, with 541 of the days suspended to probation. The court's order of probation, which was countersigned by McGee, included conditions requiring that McGee:

2.  Comply with all Local, State, and Federal laws, and within 48 hours of being arrested or charged for a new criminal offense, you shall contact your Probation Officer with that information.

3.  Cooperate with and truthfully answer all reasonable inquiries of your Probation Officer.

\* \* \* \* \*

6.  Not consume or possess on your person or in your residence any controlled substance (illegal drug) except as listed on the prescription of a licensed physician; you shall submit to alcohol and drug testing when ordered by the Probation Department, and shall be responsible for the cost of that testing. Any attempt to dilute, substitute, or alter a direct and immediate urine sample to mask the test results is a violation of this Order. Moreover, you shall not be in the presence of marijuana or any other controlled substance which could result in a positive urine screen.

Appellant's Appendix at 32. The order of probation also required McGee to submit to a substance abuse assessment or its equivalent and follow all recommendations set forth in the assessment.

2

On March 26, 2013, the probation department filed a "1st Information of Violation of Probation" alleging that McGee violated Condition 2 of the terms of his probation by committing new offenses of possession of cocaine, possession of paraphernalia, and driving while suspended on March 16, 2013. The information also alleged that McGee violated Condition 3 of the terms of his probation because he was dishonest with his probation officer regarding his use of illegal drugs on February 8, 2013, and that he violated Condition 6 of the terms of his probation when he submitted to a urine screen on February 8, 2013, and the screen returned with a positive result for cocaine metabolite indicating the use of an illegal drug. On February 3, 2014, the probation department filed a "2nd Information of Violation of Probation" which alleged that McGee violated the terms of his probation under Condition 3 by being dishonest with his probation officer on October 23, 2013 and January 23, 2014 regarding his use of illegal drugs and that he violated Condition 6 when he tested positive for cocaine on both October 23, 2013 and January 23, 2014.

On May 14, 2014, the court conducted an evidentiary hearing on the State's March 26, 2013 and February 3, 2014 allegations. The State called Craig Walters, a probation officer who had reviewed McGee's file in the Hamilton County Probation Department and the notes taken by McGee's supervising probation officer. Walters testified that McGee had indicated on a February 8, 2013 probation intake form, by checking a box for "no," that McGee had not used illegal drugs or been around anyone who had used drugs since his last reporting. Transcript at 8. Walters also testified that McGee's February 8, 2013 urine screen had returned positive for cocaine metabolite. Walters stated, with respect to determining whether a probationer is being truthful, that:

3

At the beginning of their appointment, they fill out the form and that asks them on the form if they are, if they've been using illegal drugs. He filled out, no. So, the result would show that he was untruthful and in addition to that, when we are having an appointment, we try to work with our defendants about being open and honest with their communication in regards to their illegal drug use . . . . And, in the case notes, with [McGee] they indicate that he was not honest about his use with those screens. Therefore, that is how we determine if they're being truthful or not.

Id. at 11-12.

McGee indicated that he had "recently graduated from [his] substance abuse counseling at Milestone," had been attending AA and NA meetings regularly, and had a sponsor for about two months. Id. at 17. McGee further testified, "I admit I did violate my probation" but that "[he] wasn't trying to deny that [he] did something wrong. In the beginning, I did." Id. at 18. He also testified that "[t]here's two or three of the sheets that I filled out that said I didn't use when I did . . . ." Id. McGee stated to the court:

I realize that my drug use has actually been a problem, has caused problems in my life . . . . Drug use has caused, caused problems in my life and the people that have been, that are around me and I realize that. I own up to that and I'm doing everything that I can to change that.

Id. at 22. The court found that McGee had violated "conditions three and six as found in Violation of Probation No. 1," did not find that McGee had violated "condition two in Violation of Probation No. 1," and that "the court failed to find that [McGee] has violated conditions three and six as found in the Second Information for Violation of Probation." Id. at 26.

With respect to sentencing, the State recommended that McGee serve one year at the Indiana Department of Correction ("DOC") and argued that McGee had "been on probation since 2012 for a drug charge and he's continued to test positive for illegal drugs"

4

and "needs to be revoked from probation and needs to be incarcerated." Id. at 27. McGee's counsel asked that McGee be evaluated for work release or home detention. Following arguments by counsel, the court stated in part:

> Well, Mr. McGee the court is certainly concerned regarding your dishonesty with the probation department. Being honest with probation is something the court holds very, very highly and is not, it's not well taken by this court when you deceive probation regarding your use of drugs while on probation.
>
> The Court has reviewed the Presentence Investigation Report.[1] I can read from that, over the past twenty-five (25) years, you've been arrested seventeen (17) times. He's been convicted of five misdemeanors and four felonies. You've been given the benefit of AMS twice. Been placed on probation seven times. It appears you recently violated in Grant County. The disposition to that violation is pending, Mr. McGee has never been arrested for escape or runaway. He's been charged with battery on his girlfriend in the past and recently been convicted of residential entry. Sir, I don't think there's anything to be benefited by keeping you on probation. I think you're well aware of what probation's expectations were of you. At this time, your probation is revoked. You'll serve three hundred, sixty-five (365) days in the Indiana Department of Correction. That is all executed.

Id. at 28-29.

## DISCUSSION

The issue is whether the trial court abused its discretion in ordering McGee to serve 365 days of his previously-suspended sentence. In support of his argument, McGee points to the testimony before the court that he held full-time employment as a heavy equipment operator, that "he is, however imperfectly, addressing his substance abuse issues" to become a better citizen, and that he was working with a substance abuse counselor and sponsor and was attending AA/NA meetings. Appellant's Brief at 7. The State maintains the court did not abuse its discretion by imposing 365 days of McGee's previously-

---

[1] The presentence investigation report is not included in the record.

suspended sentence.  The State argues that McGee has been arrested seventeen times in the last twenty-five years, which included five misdemeanors and four felonies, and that McGee had also recently violated probation in Grant County.  The State further argues that McGee failed numerous drug screens and was dishonest with his probation officer regarding his drug use, that "[t]his was not a single lapse, but an ongoing lack of compliance by McGee with the terms of his probation," and that "[t]he violation of probation conditions involving drug use is particularly disturbing considering that McGee pled guilty to a drug offense in this case."  Appellee's Brief at 5.

Ind.  Code § 35-38-2-3(h) sets forth the court's sentencing options upon a finding of a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1)    Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2)    Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3)    Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007).  The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not

6

afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

The record reveals that McGee admitted at the May 14, 2014 evidentiary hearing that he had violated the terms of his probation, he knew his positive test for cocaine metabolite was a probation violation, and that he had not been truthful in reporting his drug use on his probation intake form. We observe that, although McGee testified that he had graduated from substance abuse counseling and had worked to position himself "in better places" and with "better people," transcript at 20, the court also heard evidence that McGee used cocaine in March 2014, and that he had "initiated" cocaine use in April 2014 with some friends but stopped before he inhaled. Id. at 24.

Probation is a matter of grace and a conditional liberty, not a right to which a defendant is entitled. Smith v. State, 963 N.E.2d 1110, 1112 (Ind. 2012). Ind. Code § 35-38-2-3(h) provides in part that if the court finds that a person has violated a condition of probation, the court may order execution of all or part of the sentence that was suspended at the time of initial sentencing. The court noted McGee's lack of candor with the probation department regarding his drug use while on probation and his criminal history, including the fact that he had been placed on probation seven times.

Given the circumstances as set forth above and in the record, we cannot say that the trial court abused its discretion in ordering McGee to serve 365 days of his previously-suspended sentence at the DOC.  See Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's previously-suspended sentence of one year), trans. denied.

CONCLUSION

For the foregoing reasons, we affirm the trial court's order that McGee serve 365 days of his previously-suspended sentence at the DOC.

Affirmed.

BARNES, J., and BRADFORD, J., concur.