**Michael G. MONDAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A05–9510–CR–399.

Court of Appeals of Indiana.

Oct. 4, 1996.

Samuel C. Hasler, Hasler & Maynard, P.C., Anderson, for Appellant.

Pamela Carter, Attorney General of Indiana, Meredith J. Mann, Deputy Attorney General, Indianapolis, for Appellee.

**OPINION**

STATON, Judge.

Michael G. Monday ("Monday") appeals from the trial court's revocation of his probation. In his appeal, Monday presents one (restated) issue for our review: whether the trial court violated his fundamental right to liberty by failing to consider alternatives to incarceration when revoking his probation.

We affirm.

The facts most favorable to the State reveal that in September 1988, Monday plead-

ed guilty to eight different offenses.[1] For these offenses, Monday received an aggregate sentence of fifteen years, with eight years executed and seven years suspended with seven years probation. On October 5, 1992, Monday was placed on seven years of probation following his incarceration.

In January 1993, Monday was found guilty of violating his probation and ordered to undergo a substance abuse evaluation, comply with all recommended treatment plans, and serve three weekends in the Madison County Jail. In July 1993, Monday was also found guilty of violating his probation, and ordered to attend an August ADAPT program and serve twelve weekends in the Madison County Detention Center. In February 1995, Monday was again found guilty of violating his probation, and ordered to serve in-home detention for six months or until completion of an ADAPT program whichever occurs later.

On May 30, 1995, a petition for termination of in-home detention was filed; thereafter, on June 28, 1995, the present notice of probation violation was filed based upon allegations that Monday committed battery, a class A misdemeanor. Following a hearing on July 17, 1995, Monday was found guilty of violating his probation and his in-home detention for: (1) failure to return home as ordered by his in-home detention; (2) the use of marijuana; and (3) misbehavior in society stemming from a physical altercation with his girlfriend. As a result, the trial court ordered Monday to serve the remainder of his sentence. Monday now appeals.

■ Probation revocation is governed by IND.CODE § 35–38–2–3 (1993). The decision whether to grant probation is a matter within the sound discretion of the trial court. *Isaac v. State*, 605 N.E.2d 144, 146 (Ind.1992), *cert. denied*, 508 U.S. 922, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993). The court determines

the conditions of probation and may revoke probation if the conditions are violated. *Id.*

■ Monday contends that the trial court violated his fundamental right to liberty under Article I, Section 1 of the Ind. Constitution[2] when it revoked his probation without considering alternatives to incarceration.

The probation revocation statute provides that upon a finding of a probation violation, the trial court may: (1) continue the person on probation, with or without modifying or enlarging the conditions; (2) extend the person's probationary period for not more than one year beyond the original probationary period; or (3) *order execution of the sentence that was suspended at the time of initial hearing.* IC 35–38–2–3(g) (emphasis added). So long as the proper procedures have been followed in conducting a probation revocation hearing pursuant to IC 35–38–2–3, the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence. *Mitchell v. State*, 619 N.E.2d 961, 963 (Ind.Ct.App.1993), *overruled on other grounds*, 659 N.E.2d 220, 223 n. 2 (Ind.Ct.App.1995).

Notwithstanding this statutory provision, Monday contends that the fundamental notion of liberty set forth in Art. I, § 1 requires the trial court to consider alternatives to incarceration when revoking an individual's probation. However, this court has indicated:

Once a defendant is convicted of a criminal offense the trial court, in its discretion, may suspend a portion of the sentence and place the defendant on probation. This grant of conditional liberty is a favor, not a right. While at liberty on parole, should a defendant engage in unlawful activity, he thereby violates a condition of probation. At that point, the sentencing court has the

---

1. These offenses included: battery, a class C felony; criminal confinement, a class B felony; dealing in marijuana, a class D felony; dealing in a schedule I controlled substance, a class B felony; operating a vehicle with .10 percent alcohol in the blood by weight, a class C misdemeanor; driving while intoxicated, a class D felony; possession of marijuana, a class D felony; and maintaining a common nuisance, a class D felony.

2. Article I, Section 1 provides:

*WE DECLARE,* That all people are created equal; that they are endowed by their *CREATOR* with certain inalienable rights; that among these are life, liberty, and the pursuit of happiness; ...

authority to revoke probation that was previously given.

*Million v. State,* 646 N.E.2d 998, 1001 (Ind. Ct.App.1995) (quoting *Ashba v. State,* 570 N.E.2d 937, 940 (Ind.Ct.App.1991), *aff'd,* 580 N.E.2d 244, *cert. denied,* 503 U.S. 1007, 112 S.Ct. 1767, 118 L.Ed.2d 428 (citations omitted)).

■ Monday's probation was a "conditional liberty" different from the unconditional liberty enumerated in Art. I, § 1 of the Indiana Constitution. As a result, Monday is entitled only to those procedural protections afforded under IC 35–38–2–3. *Mitchell, supra.* Under IC 35–38–2–3, the trial court has the discretion to revoke any conditional liberty granted through probation upon a showing of a probation violation, and order incarceration. Consideration and imposition of any alternatives to incarceration is a "matter of grace" left to the discretion of the trial court. *Million, supra.* Thus, the trial court's decision to order Monday to serve the remainder of his sentence was proper and does not violate Art. I, § 1 of the Indiana Constitution.

■ Monday further contends that in order to protect his liberty interest, the trial court should provide a written statement indicating its reasons for imposing incarceration. In considering due process requirements afforded to a probationer in revocation proceedings, the United States Supreme Court has indicated that a sentencing court need not demonstrate on the record that alternatives to incarceration were considered. *See Black v. Romano,* 471 U.S. 606, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985), *reh. denied.* The Court opined:

> ... [A] factfinder need not on the record run through the litany of alternatives available before choosing incarceration.... [A] written statement of the evidence relied on and the reasons for concluding that revocation of probation is warranted [is already required]. That explanation will allow courts to determine whether revocation is substantively valid, or fundamentally unfair, even in the absence of record consideration of alternatives to revocation. In addition, probation revocation bodies, be they judges or boards, are familiar enough

with the possibility of alternatives to incarceration that such a requirement is not necessary to call their attention to the standards governing exercise of their discretion.

*Id.* at 619–20, 105 S.Ct. at 2262 (Marshall, J., concurring) (citation and footnotes omitted).

Here, the trial court conducted a full evidentiary hearing which indicated that Monday violated conditions of his probation by failing to return home as required by his in-home detention order, by having a physical confrontation with his girlfriend, and by admitting that he used marijuana. The written transcript of the revocation hearing and the trial court's separate order of revocation reflect that the trial court revoked Monday's probation based upon this evidence. This adjudication followed three other instances in which Monday was found guilty of violating his probation and the trial court elected not to order Monday to serve the remainder of his sentence but instead modified and enlarged the conditions of his probation.

The record presented here avails us the opportunity to fully address the validity and overall fairness of Monday's probation revocation and incarceration. A written statement indicating that the trial court considered alternatives to incarceration is not necessary. *Black, supra.* Accordingly, we conclude that the trial court did not abuse its discretion when it revoked Monday's probation and ordered Monday to serve the remainder of his sentence.

Affirmed.

GARRARD and BARTEAU, JJ., concur.