Eric J. GOONEN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 79A02–9806–CR–535.

Court of Appeals of Indiana.

Jan. 29, 1999.

210

J. Michael Trueblood, Trueblood & Graham P.C., Lafayette, for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

GARRARD, Judge.

### Case Summary

Eric Goonen appeals the revocation of his probation and his resentencing. We affirm.

### Issues

Goonen raises two issues which we restate as:

I.  Whether the trial judge properly found that Goonen had violated his probation by committing obstruction of justice; and,

II. Whether the trial court had jurisdiction to resentence Goonen.

## Facts and Procedural History

The facts most favorable to the revocation indicate that in April of 1997, Goonen was charged with robbery while armed with a deadly weapon, conspiracy to commit robbery while armed with a deadly weapon, and theft. In June of 1997, Goonen pled guilty to the conspiracy charge and agreed to give police a sworn, recorded clean-up statement detailing the offense, all other non-violent offenses he had committed, and his knowledge of any other criminal activity in which he was not involved. Goonen was further required to pass a polygraph examination and to "testify truthfully at any hearing or trial upon request." Record at 47. In exchange, the State agreed to drop the other two charges and not to prosecute Goonen for any non-forcible offenses that he admitted in his recorded statement. Goonen gave police a statement in which he told police of another armed robbery committed by Brandon Yoakum. The trial court sentenced Goonen to sixteen years, eight of which were suspended. He was placed on supervised probation for eight years on the further condition that one year of probation was to be served on home detention.

On November 8, 1997, Goonen was called as a witness for the State in its prosecution of Yoakum. Citing safety concerns, Goonen attempted to assert his Fifth Amendment privilege against self incrimination and refused to testify. The trial judge in Yoakum's case found Goonen in direct criminal contempt and sentenced him to six months in the Department of Correction without credit for good time.[1] Yoakum was acquitted of armed robbery and theft.

On November 20, 1997, the State filed a petition to revoke Goonen's probation alleging that he had violated the following two conditions of probation: 1) the defendant shall not commit another criminal offense, and 2) defendant shall maintain good and lawful behavior. In particular, the petition alleged that Goonen had obstructed justice by not testifying in Yoakum's case. In De-

cember of 1997, Goonen filed a motion to dismiss the State's petition to revoke his probation. After a hearing on the matter was held, the court found that Goonen had violated his probation. Goonen was resentenced to sixteen years, with three years suspended and three years of supervised probation.

## Discussion and Decision

### I. Sufficient Evidence of Probation Violation

Goonen challenges the sufficiency of the evidence to revoke his probation. In particular, he contends that he properly asserted his Fifth Amendment privilege at Yoakum's trial since the immunity offered by the plea agreement was only for specific items which Goonen would disclose in his clean-up statement. It follows, he argues, that his refusal to testify without a grant of use immunity pursuant to statute could not be considered obstruction of justice so as to constitute a violation of probation. We address each contention in turn.[2]

■ "The decision whether to grant probation is a matter within the sound discretion of the trial court." *Williams v. State*, 695 N.E.2d 1017, 1018 (Ind.Ct.App.1998). The court determines the conditions of probation and may revoke probation if the conditions are violated. *Id.* Probation revocation is governed by Indiana Code Section 35-38-2-3. A revocation hearing is in the nature of a civil proceeding, so the alleged violation need be proven only by a preponderance of the evidence. *Id.*

■ In reviewing a claim of insufficient evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Johnson v. State*, 692 N.E.2d 485, 486 (Ind. Ct.App.1998). Instead, we consider only the evidence most favorable to the trial court's decision to revoke probation. *Id.* We will affirm when there is substantial evidence of probative value to support the court's conclu-

---

1. Goonen's direct appeal of his contempt conviction is pending in this court as cause number 79A02–9804–CR–389.

2. We note that Goonen does not assert that the statements given by him as a result of the plea bargain were untruthful.

sion that the probationer has violated any condition of probation. *Id.*

■ "[A] witness cannot seek refuge by invoking his privilege against self-incrimination unless at the time that he is questioned, he is liable to prosecution and punishment for the offenses which would be disclosed." *In re Contempt Findings Against Schultz,* 428 N.E.2d 1284, 1286 n. 1 (Ind.Ct.App.1981). Here, Goonen testified that he was not involved with the offenses for which Yoakum was on trial and that if he testified, he would simply relate to the court what he saw or was told by Yoakum or others after the fact. Thus, at most, the State could have charged Goonen with assisting a criminal. IND.CODE § 35–44–3–2 (assisting a criminal occurs when "[a] person not standing in the relation of parent, child, or spouse to another person who has committed a crime or is a fugitive from justice who, with intent to hinder the apprehension or punishment of the other person, harbors, conceals, or otherwise assists" the person); *see also Joseph v. State,* 659 N.E.2d 676, 678 (Ind.Ct.App.1996), *trans. denied.*

■ " 'Forcible felony' means a felony that involves the use or threat of force against a human being, or in which there is imminent danger of bodily injury to a human being." IND.CODE § 35–41–1–11. Assisting a criminal is not a forcible offense. Because the State granted Goonen immunity for non-forcible offenses, Goonen could not seek refuge by invoking his privilege against self-incrimination. *See Schultz,* 428 N.E.2d at 1291.

■ Moreover, "the purpose of the fifth amendment is to prevent compelled *self-incrimination,* not to protect private information." *Eaton v. State,* 274 Ind. 73, 408 N.E.2d 1281, 1283 (Ct.App.1980). Goonen refused to identify the name of the inmate who told him his life was threatened, refused to give the name of his own gang, and stated that he would not testify even if his safety could be insured. Consequently, we are unpersuaded by Goonen's attempted assertion of his Fifth Amendment right for reasons of his personal safety.

■ A person obstructs justice when he knowingly or intentionally withholds testimo-

ny in an official criminal proceeding after a court orders him to produce the testimony. IND.CODE § 35–44–3–4. The State showed by a preponderance of the evidence that, contrary to a judge's order, Goonen knowingly or intentionally withheld testimony in Yoakum's trial, and that he could not utilize the Fifth Amendment's protections. That is, for purposes of probation revocation, the State demonstrated that Goonen obstructed justice. Considering only the evidence most favorable to the trial court's decision to revoke Goonen's probation, the State has presented substantial evidence of probative value to support the trial court's determination that Goonen violated the probation condition against committing another criminal offense.

## II. Jurisdiction to Resentence

Goonen also challenges the jurisdiction of the trial court to resentence him to an additional term of imprisonment after finding that he had breached the terms of his plea agreement. However, the trial court did not find that he had breached the terms of his plea agreement, nor did it resentence him to an additional term of imprisonment. Rather, the trial court agreed with the State's petition that Goonen had violated a probation department rule by committing another crime, i.e., obstruction of justice.

■ Indiana Code Section 35–38–2–3(g) provides that upon finding a violation of probation, a trial court may "order execution of the sentence that was suspended at the time of initial sentencing." We "will only review the trial court's decision for an abuse of discretion." *Johnson,* 692 N.E.2d at 488. With respect to ordering the original sentence to be executed, we have previously held that so long as the proper procedures have been followed in conducting a probation revocation hearing pursuant to Indiana Code Section 35–38–2–3, the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence. *Id.*

■ Here, there is no allegation that proper procedures were not followed in conducting the probation revocation hearing. The judge simply reinstated Goonen's sixteen

year sentence and altered the years of probation and suspension to three years. Under the circumstances, this was not an abuse of discretion.

Affirmed.

BAKER, J. and ROBB, J. concur.