**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

FILED
Feb 29 2012, 9:39 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

STACEY L. CERTAIN,                    )
                                      )
    Appellant-Defendant,          )
                                      )
      vs.                     )      No. 57A03-1105-CR-264
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

APPEAL FROM THE NOBLE CIRCUIT COURT
The Honorable G. David Laur, Judge
Cause No. 57C01-0604-FC-28

**February 29, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Stacey L. Certain pled guilty to class C felony nonsupport of a dependent child and was sentenced to eight years, with two years in prison and six suspended to probation. Twice he was released on probation, and twice he was sent back to prison for violating his probation by committing new felony offenses and failing to pay child support. He now appeals his second probation revocation, claiming that the trial court abused its discretion in revoking his probation without considering reasonable alternatives that would have enabled him to pay toward his child support arrearage. Finding no abuse of discretion, we affirm.

**Facts and Procedural History**

Certain is the father of two children, for whom he is obligated to pay child support. On April 28, 2006, the State charged him with class C felony nonsupport of a dependent child.[1] He pled guilty, and on March 8, 2007, the trial court sentenced him to eight years, with two years executed and six suspended to probation.

On November 14, 2007, Certain was released to probation. On August 4, 2008, the probation department filed a probation violation report, citing nonpayment of child support and probation fees as well as his arrest on a new charge of cocaine dealing. He admitted to the violations, and the trial court ordered the execution of two years of his original suspended sentence.

---

[1] Indiana Code Section 35-46-1-5(a) states in part, "A person who knowingly or intentionally fails to provide support to the person's dependent child commits nonsupport of a child …. a Class C felony if the total amount of unpaid support that is due and owing … is at least fifteen thousand dollars ($15,000)."

On May 10, 2010, Certain was again released to probation. Although he obtained employment, he made no child support payments. On December 15, 2010, the probation department filed another probation violation report, citing nonpayment of support and Certain's arrest on two felony charges, one for class D felony theft and one for class C felony operating a motor vehicle after forfeiture of license for life. At a May 5, 2011 hearing, Certain admitted to nonpayment of support despite being employed during his six months' probation. He also admitted to being convicted of operating a motor vehicle after forfeiture of license for life and being sentenced to five years for that offense. The trial court again revoked his probation and ordered the execution of two additional years of his original suspended sentence. Certain now appeals.

## Discussion and Decision

Certain contends that the trial court abused its discretion in revoking his probation. Probation is a matter of grace and not a right to which a criminal defendant is entitled. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The trial court sets the conditions of probation and may revoke probation if the probationer violates those conditions. *Id*.

> Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Id*. As such, we review probation revocation decisions for an abuse of discretion. *Woods v. State*, 892 N.E.2d 637, 639 (Ind. 2008). An abuse of discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before it.

3

*Prewitt*, 878 N.E.2d at 188.

Probation revocation is a two-step process in which the trial court first must make a factual determination that the probationer has violated at least one condition of his probation and then must determine whether the violation warrants revocation of probation. *Woods*, 892 N.E.2d at 640. Where the probationer admits the allegations against him, the trial court can proceed to the second step of the inquiry and determine whether the violation warrants revocation. *Id*. At this point, the trial court has the option of (1) continuing the person on probation, with or without modifying or enlarging the conditions; (2) extending the person's probationary period for not more than one year beyond the original probationary period; or (3) ordering execution of all or part of the sentence that was suspended at the time of the initial sentencing. Ind. Code § 35-38-2-3(g).

Here, Certain admitted to violating his probation by committing class C felony operating a motor vehicle after license forfeiture for life and not paying child support during the six months after his second release. He argues that the trial court abused its discretion by failing to consider available alternatives to incarceration that would enable him to make payments toward his child support arrearage. However, consideration of any alternatives to incarceration is a "matter of grace" and not a matter of right. *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996). The record indicates that the trial court repeatedly showed leniency to Certain. For example, the trial court initially suspended to probation six years of his eight-year sentence, yet when he was released to probation, he violated its conditions by committing crimes and by failing to meet his support obligations. This resulted in his first

probation revocation.  After his second release to probation, he was employed for six months, yet he made no support payments during that time.  Moreover, he reverted to his pattern of committing crimes.  At this juncture, his arguments for further leniency ring hollow.  Thus, we find no abuse of discretion here.  Accordingly, we affirm.

Affirmed.

MAY, J., and BROWN, J., concur.