**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Dec 13 2012, 8:53 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PAUL J. PACIOR**
Noblesville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

TYLER P. HOGUE,                         )
                                        )
    Appellant-Respondent,               )
                                        )
        vs.                           )    No. 29A02-1203-CR-217
                                        )
STATE OF INDIANA,                       )
                                        )
    Appellee-Petitioner.                )

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Steven R. Nation, Judge
Cause No. 29D01-1004-FC-37

**December 13, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Tyler Hogue pled guilty to Class C felony burglary, and the trial court sentenced him to six years with two to be executed on work release, the remainder suspended, and two years of probation. After the State filed a notice of non-compliance with work release conditions and a notice of violation of the terms of his probation, Hogue admitted to the violations. The trial court ordered Hogue to serve five years of his six-year sentence in the Department of Correction ("DOC"). Concluding that the trial court did not abuse its discretion in ordering Hogue to serve a five-year executed sentence, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 28, 2008, Hogue and three others broke into the Mosaic School in Carmel and stole an LCD projector. On August 21, 2010, the State charged Hogue with Class C felony burglary, Class D felony theft, and Class A misdemeanor institutional criminal mischief. On April 28, 2011, Hogue pled guilty to Class C felony burglary. In exchange for Hogue's guilty plea, the State dismissed the other two charges and agreed that his sentence would be six years in the DOC with two years executed, to be served on work release or electronic home monitoring, the remainder suspended, and two years of probation.

On September 28, 2011, the State filed a notice of non-compliance with community corrections placement, alleging that Hogue had failed to attend a GED class and two substance abuse treatment sessions. On October 3, 2011, the trial court ordered that Hogue be transferred to the Hamilton County Jail pending resolution of the notice of non-compliance. On January 5, 2012, Hogue admitted to non-compliance and the trial court ordered Hogue returned to community corrections, imposed no additional sanctions, and

2

awarded him credit for time served in the Hamilton County Jail awaiting resolution of the notice of non-compliance.

On February 23, 2012, the State filed a second notice of non-compliance with community corrections placement, alleging that he had missed a substance abuse class, had made unauthorized contact with the public, and had been found in possession of tobacco or tobacco products. On February 27, 2012, the State filed an information of violation of probation, alleging that Hogue had failed to successfully complete his community corrections program. On March 8, 2012, Hogue admitted that he had violated the terms of probation and the conditions of community corrections. Hogue admitted the allegations in all respects, but presented argument about the sanction. The trial court ordered that Hogue serve five years of his six-year sentence incarcerated.

## DISCUSSION AND DECISION

Probation is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). We review a trial court's probation revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. If the trial court finds that the person violated a condition of probation, it may order the execution of any part of the sentence that was suspended at the time of initial sentencing. *Stephens v. State*, 818 N.E.2d 936, 942 (Ind. 2004). Proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation. *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005).

3

Hogue contends that the trial court abused its discretion in ordering that he serve five years of his six-year sentence in incarceration. Indiana Code subsection 35-38-2-3(g) outlines a trial court's options following the finding of a probation violation as follows:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:
>     (1) continue the person on probation, with or without modifying or enlarging the conditions;
>     (2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or
>     (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Subsection 35-38-2-3(g) permits judges to sentence offenders using any one of or any combination of the enumerated options. *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007).

The Indiana Supreme Court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard[,]" explaining that

> Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999). The "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of

4

the trial court." *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996).

Although Hogue argues that the trial court's order is overly punitive, there is no indication, and Hogue does not claim, that the trial court failed to follow the proper procedures. Moreover, as previously mentioned, Hogue admitted that he violated the terms of his probation and the conditions of community corrections on several occasions. Under the circumstances, and in light of the considerable leeway given the trial courts in probation matters, Hogue has failed to establish that the trial court abused its discretion in ordering that he serve five years of his six-year sentence.

The judgment of the trial court is affirmed.

NAJAM, J., and FRIEDLANDER, J., concur.