**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 09 2014, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TIA R. BREWER**
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

STEVEN S. SATTERLY,      )
      )
   Appellant-Respondent,     )
      )
     vs.      )   No. 27A02-1305-CR-407
      )
STATE OF INDIANA,      )
      )
   Appellee-Petitioner.     )

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana Kenworthy, Judge
Cause Nos. 27D02-0810-FD-167; 27D02-0811-FD-185

**January 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

As part of a plea agreement, Steven Satterly pled guilty to Class A misdemeanor battery in cause number 27D02-0810-FD-165 ("Cause No. FD-165"), Class D felony domestic battery in cause number 27D02-0810-FD-167 ("Cause No. FD-167"), and Class C misdemeanor operating a vehicle while intoxicated ("OWI") in cause number 27D02-0811-FD-185 ("Cause No. FD-185"). Satterly received a sentence of one year of incarceration in Cause No. FD-165, three years in Cause No. FD-167, and three years in Cause No. FD-185, all sentences to the served concurrently and suspended to probation. The State subsequently petitioned for the revocation of Satterly's probation in Cause Nos. FD-167 and FD-185, and, following a hearing, the trial court ordered one year of Satterly's suspended sentence in each cause number to be executed. Satterly contends that the trial court abused its discretion in ordering that he serve portions of his suspended sentences in Cause Nos. FD-167 and FD-185. We affirm.

## FACTS AND PROCEDURAL HISTORY

On April 21, 2008, the State charged Satterly with Class C misdemeanor OWI, Class D felony OWI with a prior conviction, Class C misdemeanor operating a motor vehicle never having received a license, Class A misdemeanor driving while suspended with a prior conviction, and two infractions in Cause No. FD-185. On October 8, 2008, the State charged Satterly with two counts of Class D domestic battery and alleged him to be a habitual offender in Cause No. FD-167. On November 10, 2009, Satterly pled guilty to Class D felony domestic battery in Cause No. FD-167, Class C misdemeanor OWI in Cause No. FD-

2

185, and Class A misdemeanor battery in Cause No. FD-165. Pursuant to the plea agreement, Satterly received a sentence of one year of incarceration in Cause No. FD-165, three years in Cause No. FD-167, and three years in Cause No. FD-185, all sentences to the served concurrently and suspended to probation.

On April 15, 2011, the State petitioned to revoke Satterly's probation in Cause Nos. FD-167 and FD-185, alleging the commission of new criminal offenses in Wabash and Los Angeles County, California, including attempted murder in Wabash. On April 8, 2013, at a hearing on the revocation petition and in exchange for an executed sentence of no more than one year, Satterly admitted that he had committed the new offenses, had pled guilty and received a forty-five-year sentence in Wabash, and had received and discharged a three-year sentence in California. The trial court ordered that one year of the suspended sentence in Cause Nos. FD-167 and FD-185 be executed, to be served concurrently.

## DISCUSSION AND DECISION

Probation is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). We review a trial court's probation revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. If the trial court finds that the person violated a condition of probation, it may order the execution of any part of the sentence that was suspended at the time of initial sentencing. *Stephens v. State*, 818 N.E.2d 936, 942 (Ind. 2004). Proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation. *Bussberg v. State*, 827

3

N.E.2d 37, 44 (Ind. Ct. App. 2005).

Satterly contends that the trial court abused its discretion in ordering that he serve one year of his suspended sentences in incarceration. Indiana Code subsection 35-38-2-3(g)(3) allows a trial court, in case of a violation of the terms of probation, to "order execution of all or part of the sentence that was suspended at the time of initial sentencing." The Indiana Supreme Court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard[,]" explaining:

> Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999). The "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996).

Although Satterly argues that the trial court's order is overly punitive, there is no indication, and Satterly does not claim, that the trial court failed to follow the proper procedures. Simply put, Satterly admitted that he violated the terms of his probation by

committing new crimes, at least one of which was quite serious, and the trial court was therefore authorized to order some, or all of his suspended sentences to be executed. Under the circumstances, and in light of the considerable leeway given the trial courts in probation matters, Satterly has failed to establish that the trial court abused its discretion in ordering that he serve one year of his suspended sentences.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.