**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL WHITTAKER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 84A01-1407-CR-310 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable David R. Bolk, Judge
Cause No. 84D03-1006-FC-2093

**December 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Michael Whittaker appeals the revocation of his probation. Whittaker raises one issue which we revise and restate as whether the court abused its discretion in ordering that he serve his previously suspended sentence in the Department of Correction. We affirm.

FACTS AND PROCEDURAL HISTORY

On September 30, 2010, Whittaker pled guilty to nine counts of forgery as class C felonies pursuant to a plea agreement stating that Whittaker would be sentenced to four years on each count to be served concurrently, with the balance suspended to probation except for the 218 days of credit time for the period he served in the Vigo County Jail while the charges were pending. On November 1, 2010, the trial court sentenced Whittaker in accordance with the plea agreement. On October 2, 2013, the State filed a notice of probation violation alleging that Whittaker failed to report to the Adult Probation Department, failed to pay restitution, and failed to pay probation fees, and a bench warrant was issued for Whittaker's arrest. On April 7, 2014, the State filed a petition to revoke probation alleging the same allegations as in the prior notice, as well as the following additional allegations:

d.      On or about December 8, 2011, [Whittaker] committed the offense of Criminal Trespass, a Class A misdemeanor . . . and [was] convicted and sentenced on or about August 2, 2012;

e.      On or about April 12, 2012, [he] committed the offense of Failure to Appear, a Class A misdemeanor, by intentionally failing to appear for a hearing on said date in the Terre Haute City Court in said Cause.

2

f.      On or about April 9, 2013, [he] committed the offense of Criminal Conversion . . . and [was] convicted and sentenced on or about March 27, 2014;

g.      On or about August 31, 2013, [he] committed the offense of Theft, a Class D felony, for which he was charged in Cause No. 84D03-13090-FD-2931.

Appellant's Appendix at 61.

On April 24, 2014, the court held a hearing in which Whittaker admitted each of the allegations other than the allegation contained in Paragraph g, the commission of the theft. The court revoked Whittaker's probation and ordered the preparation of an updated presentence investigation report. On June 19, 2014, the court held a dispositional hearing on the alleged probation violations. At the hearing, Whittaker expressed interest in participating in a behavioral therapy program at the Hamilton Center for persons with criminal backgrounds. Whittaker testified that he had a job with Quality Home Improvements awaiting his release from custody and presented a document stating the same, and he requested the trial court place him in the work release program so that he could earn money to be used for owed restitution and unpaid probation fees. He acknowledged that during his probationary period he had made no effort to pay restitution and the probation fees.

At the conclusion of the dispositional hearing, the court ordered Whittaker to serve the entirety of his suspended sentence and explained its reasoning as follows:

> . . . Mr. Whittaker, you probably understand as well as anyone in this room, you've been to the D.O.C. three (3) times. You didn't go a fourth (4th) time on this case originally, and you were ordered to do several things, very few of which you've done. You've committed two (2) crimes while you're out

3

that you've admitted to[1] . . . which were Misdemeanors; you've been charged with a Felony; you failed to return to this jurisdiction; you've indicated to the Court that you were employed yet have not paid one (1) penny towards restitution or not paid anything towards any of your probation fees or Court costs. It's easy now to say I want one (1) more chance, when you've had three and a half (3 ½) years of chances and have not availed yourself, really, of any of them. . . .

June 19, 2014 Transcript at 40-41.

## DISCUSSION

The issue is whether the court abused its discretion in ordering that Whittaker serve his previously suspended sentence in the Department of Correction. Ind. Code § 35-38-2-3(h) sets forth a trial court's sentencing options if the trial court found a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable for abuse of discretion. Prewitt v. State, 878 N.E.2d 184, 188 (Ind. 2007). The Court explained that "[o]nce a trial court has exercised its

---

[1] As noted above, Whittaker admitted to committing three crimes, including criminal trespass, failure to appear, and conversion.

4

grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

Whittaker argues that "the evidence was uncontroverted that [he] had a job available to him . . . which would have afforded him an opportunity to make restitution to his victims and pay the outstanding probation fees." Appellant's Brief at 4. He asserts that the court "should not have ordered [his] suspended sentence to be served in prison, but rather should have ordered [him] to work release so that he could work towards making his victim whole . . . and pay towards his outstanding probation fees." Id. The State argues that "the evidence substantially supports the disposition imposed by the trial court." Appellee's Brief at 5.

The record reveals that Whittaker admitted to committing six different violations of his probation. He admitted to failing to report to the Adult Probation Department, failing to pay restitution, and failing to pay probation fees. In addition, he admitted to committing three offenses while on probation, including criminal trespass, failure to

5

appear, and criminal conversion. Given the circumstances as set forth above and in the record, we cannot say that the court abused its discretion in ordering Whittaker to serve his previously suspended sentence. See Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's entire previously suspended sentence), trans. denied.

CONCLUSION

For the foregoing reasons, we affirm the court's order revoking Whittaker's probation and ordering that he serve his previously suspended sentence in the Department of Correction.

Affirmed.

BAILEY, J., and ROBB, J., concur.