**MEMORANDUM DECISION**

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 28 2016, 9:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Mills, II,

*Appellant-Defendant,*

*v.*

State of Indiana,

*Appellee-Plaintiff.*

July 28, 2016

Court of Appeals Case No. 15A04-1602-CR-243

Appeal from the Dearborn Superior Court

The Hon. Sally A. McLaughlin, Judge

Trial Court Cause No. 15D02-1307-FC-45

**Bradford, Judge.**

# Case Summary

[1] Following his conviction for Class C felony intimidation, Appellant-Defendant William Mills, II, was sentenced to eight years of incarceration with four years

and 180 days suspended to probation. In August of 2015, Appellee-Plaintiff the State of Indiana filed a notice of violation of probation in which it alleged that Mills refused to submit to a urine drug screen and left the probation office without permission. Mills admitted the violations and the trial court revoked ten days of his suspended sentence.

[2] In November of 2015, the State filed a second notice of violation of probation in which it alleged that Mills consumed morphine without a valid prescription. After Mills admitted the second violation, the trial court revoked two years of Mills's remaining probation. Mills contends that the trial court abused its discretion in revoking two years of his remaining probation. Because we disagree, we affirm.

# Facts and Procedural History

[3] In December of 2013, Mills pled guilty to Class C felony intimidation and was sentenced to eight years of incarceration with four years and 180 days suspended to probation. Mills's conviction stemmed from an incident where he pulled a knife on and pepper-sprayed a woman who confronted him about stealing shoes from her son. On August 24, 2015, the State filed a notice of probation violation, alleging that Mills refused to submit to a urine drug screen and fled the probation office without permission. Mills admitted to the allegations and was ordered to serve ten days of his suspended sentence and return to probation afterwards.

On November 23, 2015, the State filed a second notice of probation violation, alleging that Mills had tested positive for morphine without having a valid prescription. On December 22, 2015, Mills admitted the violation. On January 7, 2015, the trial court ordered that Mills serve two years of his suspended sentence, leaving a remaining balance of two years and 170 days.

## Discussion and Decision

Probation is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). We review a trial court's probation revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. If the trial court finds that the person violated a condition of probation, it may order the execution of any part of the sentence that was suspended at the time of initial sentencing. *Stephens v. State*, 818 N.E.2d 936, 942 (Ind. 2004). Proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation. *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005).

Mills contends that the trial court abused its discretion in ordering that he serve two years of his suspended sentence. Indiana Code subsection 35-38-2-3(h)(3) allows a trial court, in case of a violation of the terms of probation, to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." The Indiana Supreme Court has held that "a trial court's

sentencing decisions for probation violations are reviewable using the abuse of discretion standard[,]" explaining:

> Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007).

[7]  An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999). The "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996).

[8]  Mills argues that the trial court should have revoked no more than one year of his probation instead of two. Under the circumstances of this case, Mills has failed to establish an abuse of discretion. There is no allegation that the proper procedures were not followed in this case, and Mills admitted that he violated the terms of his probation by using morphine without a valid prescription. It is worth noting that the instant violation represents Mills's second probation

violation in a three-month period, indicating that he did not benefit from the trial court's earlier, more lenient treatment.

[9] Moreover, Mills's history with the juvenile and criminal justice systems indicates that the solutions attempted to this point have not been effective in deterring him from further criminal activity. Mills, twenty-eight years old at the time of the revocation hearing, has juvenile adjudications for battery resulting in bodily injury, criminal mischief, and resisting law enforcement. Mills's adult criminal history includes convictions for theft in 2007, strangulation in 2008, and invasion of privacy in 2009. By way of explaining its decision to partially revoke Mills's probation, the trial court observed that Mills "has violent tendencies as well as substance abuse issues that need to be addressed and can best be addressed through a penal institution." Tr. p. 22. Given Mills's history of violence and substance abuse, we do not find fault with the trial court's rationale. Mills has failed to establish an abuse of discretion.

[10] We affirm the judgment of the trial court.

Pyle, J., and Altice, J., concur.