## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 13 2017, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominique L. Gooden, *Appellant-Defendant,*<br><br>v.<br><br>State of Indiana, *Appellee-Plaintiff.* | December 13, 2017<br><br>Court of Appeals Case No. 02A05-1708-CR-1999<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Frances C. Gull, Judge<br><br>Trial Court Cause No. 02D05-1209-FD-1385 |

**Bradford, Judge.**

# Case Summary

[1] Appellant-Defendant Dominique L. Gooden was sentenced to two years of incarceration suspended to probation after she pled guilty to two counts of class D felony receiving stolen property. On November 13, 2015, a verified petition for revocation was filed by the State. On December 28, 2015, Gooden admitted to the violation of her probation and she was placed in the drug court diversion program ("DCDP").

[2] On July 10, 2017, a verified petition to terminate Gooden's participation in the DCDP was filed by the State. Gooden admitted to two of the three alleged violations, and she was revoked from DCDP. On July 11, 2017, an amended petition for revocation of probation was filed based upon the revocation from DCDP, which the trial court granted on July 13, 2017. On August 15, 2017, the trial court ordered Gooden to serve her aggregate two-year sentence. Gooden contends that the trial court abused its discretion in ordering her to execute her previously suspended sentence. Because we disagree, we affirm.

# Facts and Procedural History

[3] On September 28, 2012, the State charged Gooden with three counts of Class D felony receiving stolen property. On January 17, 2013, Gooden entered into a plea agreement pursuant to which she pled guilty to two of the charges against her while the third charge was dismissed. On February 15, 2013, Gooden was sentenced to an aggregate two-year sentence suspended to probation.

[4]   On February 11, 2015, Gooden's probation was extended for one year due to her failure to pay her fees and restitution. On November 13, 2015, the State filed a verified petition for revocation of probation alleging that Gooden had committed a new offense of theft in October of 2015, had not maintained full-time employment, and had not paid fees or restitution in a timely manner. On December 28, 2015, Gooden admitted the violations of the terms of her probation, her admissions were taken under advisement, and she was placed in the DCDP.

[5]   A verified petition to terminate Gooden's participation in the DCDP was filed on July 10, 2017. In the petition, the State alleged that Gooden had purchased and ingested heroin and had tested positive for morphine or codeine. The State also alleged that Gooden had failed to comply with the medication-assisted treatment at Bowen Center. Gooden admitted to purchasing and ingesting heroin and to testing positive for morphine and codeine, but denied being non-compliant with medication-assisted treatment. The trial court revoked Gooden from DCDP stating "we're up into the 30s of second chances based on your participation and where we've been." Tr. Vol. II p. 10. The court further noted Gooden's "continued use,"[1] "lack of progress in treatment," and that she had overdosed repeatedly. Tr. Vol. II p. 10. On July 11, 2017, an amended verified

---

[1] Gooden had ten positive drug screens while participating in the DCDP.

petition for revocation of probation was filed based upon the revocation from DCDP, which the trial court granted on July 13, 2017.

[6] On August 15, 2017, the trial court ordered Gooden to serve her suspended two-year sentence. The trial court noted Gooden's contact with the juvenile court system, juvenile drug treatment, administrative probation, three felony convictions, and one misdemeanor conviction. Tr. Vol. II p. 25. The trial court further noted the fact that Gooden had been given the benefit of probation, multiple attempts at treatment, and the DCDP, which Gooden "failed miserably[,]" in imposing Gooden's two-year sentence. Tr. Vol. II p. 25.

# Discussion and Decision

[7] Probation is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). We review a trial court's probation revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. If the trial court finds that the person violated a condition of probation, it may order the execution of any part of the sentence that was suspended at the time of initial sentencing. *Stephens v. State*, 818 N.E.2d 936, 942 (Ind. 2004). Proof of a single violation of the conditions of probation is sufficient to support the decision to revoke probation. *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005).

[8] An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999). The "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996).

[9] Gooden argues that trial court abused its discretion because her penalty does not match her offense. Gooden further argues, among other things, that the trial court should have considered her efforts to treat her addiction. Under the circumstances of this case, Gooden has failed to establish an abuse of discretion. There are no allegations that the proper procedures were not followed in this case, and Gooden admitted that she violated the terms of her probation by purchasing and ingesting heroin and testing positive for morphine and codeine. It is worth noting, again, that this was not Gooden's first opportunity to reform her behavior while on probation, indicating that she is a high risk to reoffend.

[10] Moreover, Gooden's history with the juvenile and criminal justice systems indicates that the solutions attempted at this point have not been effective in deterring her from further criminal activity. Gooden has been given countless opportunities to address her substance-abuse issues. Specifically, the trial court

sanctioned Gooden seven times before revoking and imposing the suspended sentence, but she continued to use and overdose. As noted by the trial court, Gooden was "way past second chances" given all of her past probation violations and failure to reform. Tr. Vol. II pp. 9–10. Given Gooden's history of criminal activity and failed attempts to address her substance abuse, we find no fault with the trial court's rationale. Gooden has failed to establish an abuse of discretion.

[11] We affirm the judgment of the trial court.

Robb, J., and Crone, J., concur.