## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 27 2017, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffery Haupt
Law Office of Jeffery Haupt
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Irwin McNeil Scott,

*Appellant-Respondent,*

*v.*

State of Indiana,

*Appellee-Petitioner.*

December 27, 2017

Court of Appeals Case No.
71A04-1706-CR-1222

Appeal from the St. Joseph Superior Court

The Hon. Elizabeth Hurley, Judge

Trial Court Cause No.
71D08-1508-F5-178

**Bradford, Judge.**

# Case Summary

[1] After Appellant-Respondent Irwin Scott pled guilty to carrying a handgun without a license in cause number 71D08-1508-F5-178 ("Cause No. 178"), the trial court suspended three years of his six-year sentence to probation. Less than a year later, Scott violated the terms of his probation in Cause No. 178 by committing three new felonies in cause number 71D08-1610-F3-64 ("Cause No. 64"). Following Scott's guilty plea to those felonies and his admission that their commission violated the terms of his probation, the trial court ordered that he serve three years in community corrections followed by three years of probation in Cause No. 178, to be served after completion of his sentence in Cause No. 64. Scott contends that the trial court abused its discretion in ordering community corrections followed by probation. Because we disagree, we affirm.

# Facts and Procedural History

[2] On December 14, 2015, in Cause No. 178, Scott pled guilty to Level 5 felony carrying a handgun without a license, and the trial court subsequently imposed a six-year, suspended sentence and ordered three years of probation. On October 12, 2016, while operating a vehicle under the influence of illegal substances, Scott fled from police and crashed the vehicle into a pole, flipping the vehicle over. Scott fled the scene without rendering aid to two eight-year-old passengers who had sustained serious bodily injury in the crash.

On October 14, 2016, the State charged Scott in Cause No. 64 with two counts of Level 3 felony failure to remain at the scene of an accident and Level 6 felony resisting law enforcement. On March 27, 2017, Scott pled guilty as charged in Cause No. 64 and admitted that he had violated the terms of his probation in Cause No. 178. On May 10, 2017, the trial court sentenced Scott in Cause No. 64 to twenty-two years of incarceration. In Cause No. 178, the trial court ordered Scott to serve three years of his previously-suspended sentence in community corrections, followed by three years of probation, to be served upon completion of his sentence in Cause No. 64.

## Discussion and Decision

Scott argues that the trial court abused its discretion in ordering three years in community corrections, followed by three years of probation, for violating the terms of his probation in Cause No. 178. Probation is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Marsh v. State*, 818 N.E.2d 143, 146 (Ind. Ct. App. 2004) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). We review a trial court's probation revocation for an abuse of discretion. *Sanders v. State*, 825 N.E.2d 952, 956 (Ind. Ct. App. 2005), *trans. denied*. If the trial court finds that the person violated a condition of probation, it may order the execution of any part of the sentence that was suspended at the time of initial sentencing. *Stephens v. State*, 818 N.E.2d 936, 942 (Ind. 2004); *see also* Ind. Code § 35-38-2-3(h)(3) (allowing a trial court, in case of a violation of the terms of probation, to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing."). Proof of a single violation of

the conditions of probation is sufficient to support the decision to revoke probation. *Bussberg v. State*, 827 N.E.2d 37, 44 (Ind. Ct. App. 2005).

[5] The Indiana Supreme Court has explained that

> [o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007).

[6] An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999). The "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996).

[7] Under the circumstances of this case, Scott has failed to establish an abuse of discretion. There is no allegation that the proper procedures were not followed, and Scott admitted that he violated the terms of his probation by committing three new felonies. Moreover, Scott's criminal history indicates that the solutions attempted to this point, including probation, community corrections,

and incarceration, have not been effective in deterring him from further criminal activity. The twenty-seven-year-old Scott has previous convictions for Class C misdemeanor minor consuming alcohol, Class B felony burglary, what seems to be Class A misdemeanor resisting law enforcement, Class C misdemeanor driving without ever having had a license, and Class D felony unlawful possession or use of a legend drug or precursor. Despite this history and previous attempts at leniency, Scott's tendency to commit serious crimes is, if anything, becoming more pronounced. Given Scott's admission to violating the terms of his probation and the proven failure of leniency to reform him, we do not find fault with the trial court's imposition of three years of community corrections followed by three years of probation. Scott has failed to establish an abuse of discretion.

[8] We affirm the judgment of the trial court.

Robb, J., and Crone, J., concur.