# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 05 2019, 8:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Benjamin J. Selig,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 5, 2019<br><br>Court of Appeals Case No.<br>19A-CR-535<br><br>Appeal from the Vigo Superior<br>Court<br><br>The Hon. Michael J. Lewis, Judge<br><br>Trial Court Cause No.<br>84D06-1610-F5-2861 |

**Bradford, Judge.**

# Case Summary

[1]  In May of 2018, following Benjamin Selig's guilty plea to Level 5 felony assisting a criminal, the trial court sentenced him to four years of incarceration, all suspended to probation. In January of 2019, Selig admitted that he had violated the terms of his probation, and, the next month, the trial court ordered Selig to serve the balance of his previously-suspended sentence. Selig contends that the trial court abused its discretion in revoking his probation and ordering him to serve the balance of his previously-suspended sentence. Because we disagree, we affirm.

# Facts and Procedural History

[2]  On or shortly before October 24, 2016, John Collins broke into the home of Matt Luecking, stole several items, and struck him on the head with a blunt object, killing him. At around 4:30 a.m., Collins called Selig and told him that he needed to talk. When the duo met in Rockville, Collins told Selig what he had done. Selig drove Collins to Terre Haute so that Collins could get some clothes, and the duo returned to Rockville. On October 26, 2016, the State charged Selig with Level 5 felony assisting a criminal. On May 23, 2018, Selig pled guilty as charged, and, pursuant a plea agreement, the trial court sentenced him to four years of incarceration, all suspended to probation.

[3]  On October 16, 2018, the State petitioned to revoke Selig's probation, alleging that he had failed to report to his probation officer as required on October 3, 2018. Selig had ended up reporting one day late on October 4, 2018, and then

had attempted to deceive probation officers with a makeshift urinator when a drug screen was administered. When Selig was referred for a substance-abuse evaluation, he had reported initially but had never returned for his follow-up appointment, as instructed. On January 16, 2019, Selig admitted that he had violated the terms of his probation. On February 6, 2019, the trial court revoked Selig's probation and ordered that he serve the balance of his previously-suspended sentence.

# Discussion and Decision

[4] Selig argues that the trial court abused its discretion in revoking his probation. "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (citing *Sanders v. State*, 825 N.E.2d 952, 955 (Ind. Ct. App. 2005)). The Indiana Supreme Court has held that "a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard[,]" explaining that

> [o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Id.*

[5] An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* As long as the proper procedures have

been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999). Indiana Code subsection 35-38-2-3(h)(3) allows a trial court, in case of a violation of the terms of probation, to "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing" and the "[c]onsideration and imposition of any alternatives to incarceration is a 'matter of grace' left to the discretion of the trial court." *Monday v. State*, 671 N.E.2d 467, 469 (Ind. Ct. App. 1996).

[6] Under the circumstances of this case, Selig has failed to establish an abuse of discretion. There is no allegation that the proper procedures were not followed in this case, and Selig admitted that he violated the terms of his probation. Selig violated the terms of his probation less than five months into it, and we note that the trial court specifically found that Selig also attempted to thwart a drug screen using a makeshift urinator.

[7] Moreover, Selig's history with the criminal justice system indicates that the solutions attempted to this point have not been effective in deterring him from further criminal activity. Selig, thirty years old at the time of the revocation hearing, has an extensive criminal history, including convictions for marijuana possession and paraphernalia possession in 2006, theft in 2007, illegal consumption of an alcoholic beverage in 2007, marijuana possession in 2008, criminal mischief in 2009, possession of a controlled substance in 2010, marijuana possession in 2010, criminal recklessness in 2011, unlawful

possession of a syringe in 2013, and possession of a controlled substance in 2014, for a total of six prior felony and five prior misdemeanor convictions. Not including this case, Selig has also violated the terms of probation six times and has had probation revoked five times. As the trial court observed, "You've had chance after chance. I'm looking through the pre sentence report. One line the Prosecutor used is, enough is enough and I think that's it." Tr. Vol. II p. 39.

[8] Selig argues that he should have been considered for local substance-abuse treatment programs or community corrections. Even assuming, *arguendo*, that Selig would qualify for any of the above placements, similar alternatives to incarceration have been tried many times in the past to no avail. As mentioned, Selig has had probation revoked five previous times, most recently in 2015 for failing to complete a drug treatment program. Selig has also twice completed CLIFF (an intensive and comprehensive purposeful-incarceration program) and yet continues to reoffend. Given Selig's criminal history and the failure of less-restrictive measures, he has failed to establish an abuse of discretion.

[9] We affirm the judgment of the trial court.

Vaidik, C.J., and Riley, J., concur.