## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2015, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Chris M. Teagle | Gregory F. Zoeller |
| Muncie, Indiana | Attorney General of Indiana |
| | |
| | Karl M. Scharnberg |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jody A. Bailey, | April 30, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 05A02-1410-CR-722 |
| v. | Appeal from the Blackford Circuit Court |
| State of Indiana, | The Honorable Dean A. Young, Judge |
| *Appellee-Plaintiff.* | Cause No. 05C01-1011-FB-415 |

**Brown, Judge.**

[1] Jody A. Bailey appeals the trial court's order revoking his probation and ordering that he serve the previously suspended portion of his sentence in the Department of Correction (the "DOC"). We affirm.

*Facts and Procedural History*

[2] In May 2011, Bailey pled guilty pursuant to a plea agreement to possession of methamphetamine as a class C felony, and in June 2011, the court accepted his plea and sentenced him to eight years with five years suspended. The court ordered that, after service of two years executed, he could petition the court to be released on home detention. In December 2012, he filed a petition for alternative placement, and in March 2012, following a hearing, the court granted his petition and ordered that he be placed on home detention through the Blackford County Community Corrections Program for the remaining portion of his executed sentence, and then immediately report to the Blackford County Probation Department for the remaining five years of his suspended sentence. On October 7, 2013, the court held a hearing at which Bailey appeared and the rules of probation were read and reviewed with him in open court.

[3] On June 30, 2014, a Blackford County probation officer filed a Petition to Revoke, Modify, or Continue Suspended Sentence Placement which alleged that: on or about March 14, 2014, Bailey committed the pending offenses of aiding, inducing, or causing criminal mischief and assisting a criminal as class D felonies; on or about March 27, 2014, he was screened and the sample yielded a positive result for methamphetamine; and that he owed certain court

costs, state substance abuse fees, attorney fees, and probation user fees. On August 11, 2014, the court held a hearing on the petition at which Bailey admitted that one of the rules of his probation was that he not possess or consume any controlled substances or prescription medications unless he had a valid script from a doctor, that in March of 2014 he submitted to a drug screen and it was positive for methamphetamine, and that he violated his probation by using methamphetamine.

[4] On September 8, 2014, the court held a dispositional hearing at which Bailey requested that he be placed on house arrest at the home of his grandmother. The community corrections director testified that she had some reservations about accepting Bailey on home detention. The director testified that "with [Bailey's] history, [she] would have some concern," that Bailey's "grandmother seemed uncertain about how long she wanted him there" and "[t]hey want him to find his own place as quick as possible," that "[i]t is kind of out in the middle of nowhere," that "[h]e does not have transportation anywhere [] to look for a job or to find a job," that she had "not been given any information to verify a job that an uncle or cousin might get him," and that she "just [has] a concern, given his history, in placing him in the home of a woman in her late 80's [sic]." Transcript at 24. The director testified that Bailey had several curfew violations when he was on day reporting. Bailey's counsel asked the court to consider placing Bailey on house arrest, and noted that he had been released for nine months, that the only substantive violation was the one dirty drug screen, and that he had been incarcerated for two and one-half months due to the violation.

The court indicated it would issue an order and include the credit-time calculation.

In an order signed September 9, 2014, and file-stamped September 10, 2014, the court found:

> That [Bailey] is not a good candidate for probation, or additional commitment to the Blackford County Community Corrections Program in that he has been in and out of prison since he was 15 years of age; is now 41 years of age; has not availed himself of numerous opportunities throughout his juvenile and adult life to rehabilitate himself, including counseling, drug rehabilitation, and periods of commitment to local security facilities and the Indiana Department of Correction.

Appellant's Appendix at 58. The court revoked his community corrections placement and probation, and ordered that he serve the remaining 1,785 days of his sentence in the DOC less any good time credit to be determined by the DOC.

## Discussion

The issue is whether the trial court abused its discretion in ordering that Bailey serve his previously suspended sentence in the DOC. Bailey does not challenge the finding that he violated his probation; rather, he argues that the sanction imposed was not warranted and should be revised. He specifically asserts that his sentence should be revised in accordance with Appellate Rule 7 and that this court should remand with instructions to revise his sentence to time served with the remainder to be served on either day reporting and/or supervised probation. The State's position is that the court did not abuse its discretion in revoking

Bailey's probation and that Appellate Rule 7(B) is not an available remedy in the context of probation revocations. The State argues that Bailey admitted committing precisely the same offense for which he was convicted in the first place and for which he was serving probation, that he had not shown much regard for the opportunity and grace he was given, and that "[i]nstead, he picked up right where he left off . . . ." Appellee's Brief at 6. The State also notes that the trial court and probation officer identified concerns which make Bailey a bad candidate for home detention.

[7] We first observe that a trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by Ind. Appellate Rule 7(B). *Milliner v. State*, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (citing *Jones v. State,* 885 N.E.2d 1286, 1290 (Ind. 2008) ("A trial court's action in a post-sentence probation violation proceeding is not a criminal sentence as contemplated by the rule. The review and revise remedy of App. R. 7(B) is not available.")), *trans. denied*. Rather than the independent review afforded sentences under Ind. Appellate Rule 7(B), a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Id.*

[8] Ind. Code § 35-38-2-3(h) sets forth a trial court's sentencing options if it finds a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

[9] The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007). The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants." *Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State*, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

[10] The record reveals that the trial court originally sentenced Bailey to eight years with three years executed and five years suspended, the court later permitted him to serve a portion of his executed sentence on community corrections, the rules of probation were read and reviewed with him in open court on October 7,

2013, in March 2014 he submitted to a drug screen and tested positive for methamphetamine, and that in August 2014 he admitted that he violated his probation by using methamphetamine.

[11] At the dispositional hearing, the court heard testimony from the community corrections director that Bailey's grandmother wanted him to find his own place as soon as possible, that he does not have transportation to look for a job, that she had not been given any information to verify any job that his uncle or cousin might have been able to help him obtain, and that she had a concern given Bailey's history in placing him "in the home of a woman in her late 80's [sic]." Transcript at 24. In its order revoking probation, the court found that he is not a good candidate for probation or additional commitment to community corrections in that he has been in and out of prison since he was fifteen years of age, is now forty-one years of age, and has not availed himself of numerous opportunities throughout his juvenile and adult life to rehabilitate himself, through counseling, drug rehabilitation, or incarceration.

[12] Given the circumstances, including that Bailey used methamphetamine within six months after the rules of probation were read and reviewed with him in October 2013, and that he was serving probation in connection with his conviction for possession of methamphetamine, we cannot say that the court abused its discretion in ordering him to serve his previously suspended sentence. *See Milliner*, 890 N.E.2d at 793 (holding that the trial court did not

abuse its discretion in reinstating the probationer's previously suspended sentence).

## *Conclusion*

[13] For the foregoing reasons, we affirm the trial court's order that Bailey serve his previously suspended sentence.

[14] Affirmed.

Crone, J., and Pyle, J., concur.